UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VASCOE D. BROWN,

                  Petitioner,

vs.                       Case No.  2:08-cv-447-FtM-36DNF

SEC., FL. DEPT. OF CORRECTIONS,

                  Respondent.

_____

## OPINION AND ORDER

### I. Status

Petitioner Vascoe D. Brown (hereinafter "Petitioner" or "Brown") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on May 24, 2008.[1]  The Petition challenges Petitioner's February 8, 2005, judgment of conviction for (count 1) the sale/manufacturing/delivery of cocaine; and, (count 2) possession of cocaine, which were entered in the Twentieth Judicial Circuit Court, Lee County, Florida (case number 04-CF-2367).  Petition at 1.[2]  The Petition raises the following five grounds for relief:

_____

[1]The Petition was filed in this Court on May 30, 2008; however, the Court applies the "mailbox rule" and deems a petition "filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

[2]The page numbers referenced within this Order, other than to the page number referenced in the Exhibits, are to the page of the identified document as it appears on the Court's case management electronic computer filing system.  Exhibits are available in paper format only.

Ground 1: Petitioner Was Denied Due Process of Law When the State Presented Insufficient Evidence That the Alleged Drug Transaction Occurred Within 1,000 Feet of a School in Violation of the 5th, 6th and 14th Amendments of the United States Constitution. Petition at 3-4.

Ground 2: Petitioner Was Denied Due Process of Law When the State Committed a Discovery Violation by Providing the Defense with an Inaccurate Copy of a Videotape That Did Not Reveal All of Petitioner's Actions in Violation of the 5th, 6th and 14th Amendments of the United States Constitution. Petition at 5-6.

Ground 3: Petitioner Was Denied Effective Assistance of Counsel and Due Process of Law When Defense Counsel Failed to Raise the Fact That the Alleged Offense Occurred Outside  the 1,000 Foot Parameter of a School Zone in Violation of the 5th, 6th and 14th Amendments of the United States Constitution. Petition at 6-7.

Ground 4: Petitioner Was Denied Effective Assistance of Counsel and Due Process of Law When Defense Counsel Failed to Object to Comments That Allowed the Jury to Believe That a Law Enforcement Officer Knew the Petitioner Due to Prior Encounters and Led the Jury to Believe That Petitioner Had a Prior Criminal Record in Violation of the 5th, 6th and 14th Amendments of the United States Constitution. Petition at 8-9.

Ground 5: Petitioner Was Denied Effective Assistance of Counsel and Due Process of Law When Defense Counsel Failed to Investigate Petitioner's Claims or Adequately Prepare for Trial in Violation of the 5th, 6th and 14th Amendments of the United States Constitution. Petition at 10-11.

Respondent filed a Response to the Petition and addressed each of the grounds raised for relief (Doc. #17, Response). Respondent moves for summary judgment based upon Petitioner's procedural defaults and/or failure to satisfy his burden under 28 U.S.C. § 2254(d), (e). Respondent filed exhibits (Exhs. 1-20) in support of his Response, including the record on direct appeal (Exh. 1).

Petitioner failed to file a reply to the Response, although twice directed to do so by the Court. *See* Orders of Court dated June 6, 2008 (Doc. #4) and May 10, 2010 (Doc. #22). Consequently, the Court deems this matter ripe for review without the benefit of a reply from Petitioner.

### III.  Applicable § 2254 Law

Brown filed his timely[3] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007); *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under AEDPA, the standard of review "is 'greatly circumscribed and is highly deferential to the state courts.' *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002)." *Stewart v. Sec'y Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007). *See also Parker v. Sec'y Dep't of Corr.*, 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

---

[3]Respondent concedes that, due to Petitioner's post-conviction filings, the Petition is timely filed within the one-year federal limitations period set forth in 28 U.S.C. Section 2244(d). Response at 4.  The Court agrees.

### A.    Federal Question

A federal court may only entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States."   28 U.S.C. § 2254(a).   Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000).   A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution.  *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).   "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."  *Herring v. Sec'y. Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotations and citations omitted).

### B.   Exhaustion and Procedural Default

A federal court may only review an issue under § 2254 if petitioner first afforded the state courts an adequate opportunity to address that issue.   28 U.S.C. § 2254(b)(1)(A).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  To provide the State with the

> necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and quotations omitted.)  This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts.  *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(stating "exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules."  *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008).  Under the procedural default doctrine, "[i]f the petitioner

has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . . . ." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Mize v. Hall*, 532 F.3d at 1190.  Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *House v. Bell,* 547 U.S. 518, 536 (2006); *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Prior to turning to the merits of the Petition, the Court agrees with Respondent's contention that Ground 1 was raised below only in terms of state law and is procedurally barred and Ground 2 does not present a ground for habeas relief as it raises only an issue of Florida law.

**Ground 1**

Petitioner claims that he was denied due process of law as guaranteed by the U.S. Constitution when the State failed to introduce sufficient evidence that the drug transaction took place

within 1000 feet of a school.   Petition at 4.   In support, Petitioner "asserts that the State Courts erred in denying Petitioner's motion for judgment of acquittal."  *Id*.  Petitioner argues that the only evidence showing the distance from the transaction to the school submitted by the State was hearsay evidence, namely a map prepared by the property appraiser's office. *Id*.  In fact, Petitioner states that Detective Rodriguez testified that the transaction occurred at the corner of Edison and Pauldo, which, was "clearly beyond the thousand foot boundary."  *Id*.

Petitioner raised this ground on direct appeal in terms of State law.  Exh. 2.  In particular, Petitioner framed his issue as follows:

> Did the State Present Sufficient Evidence of the Alleged Drug Transaction Occurring Within a Thousand Feet of a School Where No Witness Measured the Distance?

*Id*. at I.   In support Petitioner cited to only Florida law.  *Id*. at ii.   Petitioner did not raise the federal dimension of this ground as presently stated in his Petition.  *See generally Id*. Nowhere did Petitioner claim that the denial of his motion for acquittal denied him due process.   Nor did Petitioner refer the State courts to the controlling federal precedent of *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)(holding that a state prisoner is entitled to habeas corpus relief if a federal judge finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.").

Instead, Petitioner only argued that the trial court erred in denying his motion for acquittal because the map constituted hearsay, and no evidence was presented that the "map's radius was correctly measured." Exh. 2 at 8.

Petitioner fails to show adequate cause and actual prejudice to excuse his default. Petitioner does not allege or demonstrate that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court dismisses Ground 1 as procedurally barred.

In the alternative, and in light of the unpublished decision of the Eleventh Circuit in *Mulnix v. Sec'y, Fla. Dep't of Corr.*, 254 F. App'x 763 (11th Cir. 2007),[4] the Court finds that even if

_____

[4]In *Mulnix*, the Eleventh Circuit reversed the district court's finding that a petitioner's federal due process challenge to the sufficiency of the evidence claim was procedurally barred, finding that the petitioner has fairly presented his due process claim to the Florida court because the Florida courts assess the sufficiency of the evidence claim under a standard identical to the federal *Jackson* standard. In pertinent part, the *Mulnix* court reasoned:

> In assessing the sufficiency of the evidence, Florida courts review whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt. *Simmons v. State,* 934 So.2d 1100, 1111 (Fla. 2006). This is identical to the federal standard for reviewing due process challenges based on the sufficiency of the evidence, as set forth in *Jackson v. Virginia,* 443 U.S. 307, 319 99 S. Ct. 2781, 2789 (1979) (standard is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

(continued...)

Petitioner had properly exhausted this claim,[5] there is no violation of due process under the facts and circumstances of this case. Specifically, as pointed out by the Supreme Court in *Jackson v. Virginia*, the "critical inquiry" in an appeal that challenges the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 318-19 (emphasis in original). It is the duty of the trier of fact "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," and a court, upon review, may not substitute its judgment as to whether it believes the evidence to be sufficient to sustain a conviction. *Id*. *See also*, *Lockhart v. Nelson*, 488 U.S. 33, 39 (1988)(finding that an "appellate court's reversal for insufficiency of the evidence is in effect a determination that the government's case against the defendant was so lacking that the trial court should have entered a judgment of acquittal.").

---

[4](...continued)
254 F. App'x at 764.

[5]Although Petitioner did not cite to any federal precedent on direct appeal, he did cite to *Sullivan v. State*, 898 So. 2d 105 (Fla. 2d DCA 2005) for the premise that "insufficient evidence of a crime exists where a rational trier-of-fact, viewing the evidence most favorable to the state, cannot find the existence of the elements of the crime beyond a reasonable doubt." Exh. 2 at 6.

Here, Petitioner fails to discuss or explain how the State court's decision on this issue was contrary to or an unreasonable application of clearly established federal law. The record reveals that the trial court determined that the evidence submitted by the State supported the factual predicate of the offense charged in denying the motion for judgment of acquittal. TT at 97. Further, on direct review the appellate court determined that the evidence was sufficient to uphold the conviction. Exh. 8; *Brown v. State*, 922 So.2d 199 (Fla. 2d DCA 2006).

The Court finds that the factual record supports the State court's rulings. Petitioner's characterization of Detective Rodriguez' testimony, both in his brief on direct appeal and in the instant Petition is contradicted by the record. The trial transcript demonstrates that Detective Rodriguez did not testify at trial that the drug transaction occurred at the corner of Edison and Pauldo. Instead, at trial, Detective Rodriguez testified that he was traveling in a vehicle on Pauldo "approaching Edison Avenue" when he was "flagged down."[6] Exh. 1, Vol. II, Supp. II (transcript of April 19, 2005 trial, "TT") at 11. Rodriguez testified that he "made it just to about Edison Avenue and [he] made a U-turn to initiate a possible transaction with [Brown]." Eventually, Rodriguez made contact with Brown "on Lafayette from Pauldo . . .

---

[6]Detective Rodriguez explained that "flagged down" is parlance in the drug trade for trying to sell drugs, and could be a simple hand gesture, a whistle or raised hand. TT at 11-12.

mid-block." *Id*. at 13.  Further, Detective Rodriguez identified the place of the drug transaction on a map that Rodriguez testified "fairly and accurately" represented the area of "a thousand foot radius of Franklin Elementary School."  *Id*. at 29.  Thus, the record refutes Petitioner's claim that Detective Rodriguez testified at trial that the transaction took place on Pauldo and Edison, and beyond the 1000 foot radius of a school.

Based upon the foregoing, the Court finds that Ground 1 is procedurally barred.  In the alternative, the Court denies Ground 1 as without merit and refuted by the record.

**Ground 2**

In his second ground for relief, Petitioner claims that he was denied due process of law as guaranteed by the U.S. Constitution when the State committed a discovery violation.  Petition at 5. In particular, Petitioner claims that the "State Courts erred in not finding that the prosecution committed a discovery violation" after defense counsel moved for a *Richardson*[7] hearing during the State's

---

[7]*Richardson v. State*, 246 So. 2d 771 (Fla. 1971).  Florida courts are required to hold a hearing when the State withholds discovery.

> If, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with rule 3.220, the court must conduct a hearing to determine whether the state's violation was inadvertent or willful, whether the violation was trivial or substantial, and, most importantly, what effect, if any, the violation had upon the ability of the defendant to prepare adequately for trial.

(continued...)

case in chief, claiming that the copy of the videotape provided by the prosecution during discovery was different than the videotape published during trial, which prejudiced Petitioner.[8]   *Id*. Petitioner claims that the State court's decision was contrary to or an unreasonable application of *Brady v. Maryland*, 373 U.S. 83 (1963).

Respondent submits that Ground 2 fails to raise a federal issue for which habeas relief lies.   Response at 19.   In the alternative, Respondent argues that the Ground is procedurally barred because Petitioner did not alert the State courts to the federal constitutional claim raised herein.   *Id*. at 19-20.

The Court finds that Ground 2, although framed herein as a federal due process issue, raises only issues under Florida state law.   In particular, under *Brady v. Maryland*, the prosecution has the "duty under the due process clause to insure that 'criminal trials are fair' by disclosing evidence favorable to the defendant

---

[7](...continued)

*Id*. at 775.

[8]The record reveals that the videotape produced by the State to the defense was missing approximately one-second of footage where the undercover detective made a comment that "I've been flagged down.   I got to go."  TT at 40. After adjourning the jury, the trial court conducted the *Richardson* hearing and, without conceding that there was a discovery violation by the State, nonetheless found that defendant suffered no prejudice.  *Id*. at 43. The trial court notes that the undercover detective was subject to cross-examination, could have been deposed, and defendant was not raising entrapment as a defense.   *Id*. at 43-44.

upon request." *Id*. at 87-88.  Thus, to prevail on a *Brady* claim, the petitioner must demonstrate that (1) the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material.  *Id*.

Here, Petitioner contends that the one-second of missing footage was detrimental to Petitioner because it evidenced that Petitioner initiated the drug sale, not the undercover detective. Thus, Petitioner does not articulate a *Brady* claim but raises only an alleged discovery violation.  However, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one . . . ."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997).  Thus, even if the State failed to provide Brown's counsel with a one-second portion of the videotape that incriminated Petitioner, Petitioner cannot establish a federal constitutional violation, but can, at most, establish only a State discovery violation under Florida Rule of Criminal Procedure 3.220(a)(1).  It is a "fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."  *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotation omitted). Thus, the Court dismisses Ground 2.

## C.  Deference to State Court Decision

Even where a petitioner's claim raises a federal question, was exhausted, is not procedurally barred, and was adjudicated on the

merits in the state courts, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." *Id.* (internal quotations and citations omitted). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Recently, the Supreme Court held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen,* 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. *Id.*

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74

-14-

(2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward*, 591 F.3d at 1155 (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

### D. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*,

527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 688; *see also Bobby Van Hook*, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a claim under the *Strickland* standard is "doubly deferential." *Knowles v. Mirzayanze*, ___ U.S. ___, 129 S. Ct. 1411, 1420 (2009)(citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, at 694. That requires a "substantial," not just "conceivable," likelihood of a

different result.    *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 791 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted).   It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub nom. Jones v. Allen*, 127 S. Ct. 619 (2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.   *Id.*   A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."   *Strickland*, 466 U.S. at 689.   An attorney is not ineffective for failing to raise or preserve a meritless issue.   *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So,

omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

"In considering the reasonableness of an attorney's decision not to raise a particular claim, [a court] must consider 'all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Eagle*, 279 F.3d 926, 940 (11th Cir. 2001) (quoting *Strickland*, 466 U.S. at 691).  "Thus, '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time.'" *Id.* (quoting *Strickland*, 466 U.S. at 689).  The reasonableness of counsel's assistance is reviewed in light of both the facts and law that existed at the time of the challenged conduct. *Chateloin v. Singletary*, 89 F.3d 749, 753 (11th Cir. 1996).

## IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. *Schriro v. Landrigan*, 550 U.S. 465, 474-475 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts

of the case are fully developed in the record before the Court. *Schriro*, 550 U.S. at 475.

### Grounds 3, 4 and 5

In Grounds 3, 4, and 5, Petitioner contends that his trial counsel, Mr. McCormack, provided ineffective assistance to him in violation of his constitutional rights under the 6th Amendment.  In Ground 3, Petitioner assigns error to counsel for failing to raise a "viable defense" – – "that the instant offense occurred outside the 1,000 foot boundary." Petition at 6.  Specifically, Petitioner asserts that "[t]he evidence and testimony from Petitioner's trial reveal that the instant offense occurred outside the 1,000 foot boundary" and faults counsel "for failing to point out that the offense occurred in excess of 1,000 feet of a school."  *Id*. Petitioner claims he was prejudiced by counsel's failure to raise this issue because the 1000 foot boundary conviction resulted in him receiving an enhanced sentence.  *Id*.

In Ground 4, Petitioner faults counsel for failing to object to Officer Davis' testimony.  *Id*. at 8.  In particular, Petitioner states that Officer Davis, who was called as a State witness, "testified he knew Petitioner through prior professional encounters."  *Id*.  Petitioner claims that Officer Davis' "testimony caused the jury to believe that Petitioner had a prior criminal history."  *Id*.  Because counsel failed to "make a contemporaneous objection to [Officer Davis'] improper comments, Petitioner argues "the jury was predisposed to find him guilty."  *Id*.

-19-

In Ground 5, Petitioner claims that counsel failed to investigate Petitioner's claims or adequately prepare for trial. *Id.* at 10. In support, Petitioner states that:

> Specifically, Petitioner asserts that defense counsel failed to investigate the facts of the alleged offense as relayed by Petitioner; and counsel failed to adequately prepare for trial as effective and competent counsel would have. The instant ground closely resembles ground One and Ground Three of the instant Petition. It involves the same set of circumstances, only this involves ineffective counsel as opposed to the direct appellate review of failing to grant a judgment of acquittal.

*Id.*

Petitioner arguably[9] raised each of these three grounds alleging ineffective assistance of trial counsel in his Rule 3.850 motion. Exh. 10. Petitioner also raised these three ineffective assistance of trial counsel claims on appeal from the denial of his Rule 3.850 motion. Exh. 15. The appellate court *per curiam* affirmed the trial court's denial of these claims. Exh. 16; *Brown v. State*, 987 So.2d 1216 (Fla. 2d DCA 2008). Respondent concedes that each of Petitioner's ineffective assistance of counsel claims are exhausted. Response at 22. Nonetheless, Respondent submits that Petitioner fails to sustain his burden under § 2254(d). Thus, the Court will turn to the merits of Grounds 3, 4 and 5.

In evaluating each of Petitioner's ineffective assistance of counsel claims, the postconviction court, recognized:

---

[9]Upon review, it does not appear that Ground 5 is identical to the claim raised in Petitioner's Rule 3.850 motion (ground three). *See* infra at 26.

> For a successful claim of ineffective assistance of counsel, Defendant must demonstrate that: (1) counsel's performance was deficient, and (2) there is a reasonable probability that the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Williamson v. Dugger*, 651 So. 2d 84 (Fla. 1994).

Exh. 13 at 2, ¶5.   Consequently, the postconviction court identified the proper federal law in evaluating each of Petitioner's ineffective assistance of counsel claims set forth in Grounds 3, 4 and 5.   The court summarily denied each of the ineffective assistance grounds, determining that no evidentiary hearing was necessary because the record conclusively refuted Petitioner's claims.   This finding is consistent with federal law, which also holds an evidentiary hearing is unnecessary if the record refutes a petitioner's claims.   *Schriro v. Landrigan*, 550 U.S. at 474 ("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.")

Thus, the Court must determine whether the state court unreasonably applied the *Strickland* standard to the facts of Petitioner's case.   In other words, in order to prevail on his claim for relief, Petitioner must demonstrate that the state court's decision was "objectively unreasonable," not just incorrect or erroneous.   *Williams v. Taylor*, 529 U.S. at 413.

In denying Petitioner relief on his Ground 3 (ground one in Petitioner's Rule 3.850 motion), the postconviction court found as follows:

6.   Under Ground One, Defendant asserts that "trial counsel failed to raise the fact that the alleged drug transaction occurred outside of the 1000' parameter of a school zone after Detective Rodriguez admitted that the intersection was not within 1000' feet of the school." Also, Defendant argues this failure "prejudiced the Defendant because he could have been guilty of the offense of possession of cocaine of a controlled substance, providing a lesser punishment upon the Defendant."

7.   The Court after reviewing the State's response and the trial transcript notes that Defendant's Ground One assertion is without merit.   Defense counsel on cross-examination, specifically asked Detective Rodriguez if the location of the activity was within 1000 feet of the school.   Also, counsel moved for judgment of acquittal after the State finished its presentation of its witnesses. [FN1] (Trial Transcript, pp. 46-47, 97). According to the transcript, counsel explained "I don't believe also they demonstrated that it took place within a thousand feet of the school.   The officer, Detective Rodriguez, said that he was at Edison and Pauldo.   That's outside the parameter of a thousand feet."   Defendant has failed to satisfy the Strickland two-prong test.   The Court finds that Defendant['s] assertion is incorrect; counsel did raise the issue of whether the activity took place within 1000 feet of a school. Counsel also preserved this issue for appeal by raising it on a motion for judgment of acquittal; therefore, there was no prejudice.   Accordingly, Ground One is conclusively refuted by the record.

FN1.   A copy of the relevant pages of the trial transcript is attached hereto.

Exh. 13 at 2-3.

Petitioner fails to explain how the State court decision on Ground 3 was "contrary to" or an "unreasonable application of" *Strickland*.   *See generally* Petition.   In fact, Petitioner does not even address the State court's legal conclusions or findings of facts in his Petition.   *See generally Id.*   As noted above, the

record conclusively refutes Petitioner's allegation that counsel did not raise the issue of how far from the school the drug transaction took place.  Indeed, counsel moved for a judgment of acquittal on this very issue after the State rested its case. Based upon the foregoing, the Court finds that Petitioner has failed to demonstrate that the State court's decision was contrary to or an unreasonable application of *Strickland,* or an unreasonable determination of the facts.  Consequently, the Court denies Ground 3 as without merit.

The postconviction court denied Petitioner relief on Ground 4 (raised as ground two in Petitioner's rule 3.850 motion), finding that the record similarly refuted this Ground.  In pertinent part, the court held:

> 8.   Under Ground Two, Defendant asserts counsel should have objected to Detective Davis testifying.  He argues that the jury would be prejudiced by this testimony, because of the previous contact between Detective Davis and the Defendant.

> 9.   The Court finds that Defendant's Ground Two allegation is conclusively refuted by the record and the two-prong test of *Strickland* is not satisfied.  During pre-trial matters, counsel addressed the issue of Detective Davis testifying and how this may be prejudicial.  (Trial Transcript, pp. 5-6).  "Detective Davis drove by and recognized Vascoe Brown by prior professional contacts. I believe that's very prejudicial to the client."  Also, during pre-trial matters it was noted that Detective Davis would not be able to make reference to the fact he had previously arrested the Defendant.  Due to counsel's pre-trial concerns, Detective Davis only testified that he had personal contact with the Defendant as [a] member of the neighborhood.  (Trial Transcript, pp. 80-83). Accordingly, in light of the trial transcript, the Court

finds that Defendant has failed to allege facts
demonstrating that counsel was deficient or that
defendant was prejudiced.   Ground Two is conclusively
refuted by the record.

Ex. 13 at 3-4.

Petitioner, in conclusory terms, alleges that the state court
decision "was contrary to, or involved an unreasonable application
of, clearly established Federal law, as determined by the Supreme
Court of the United States . . . and, resulted in a decision that
was based on an unreasonable determination of the facts in light of
the evidence presented in the State court proceeding." Petition at
8-9.  Petitioner, however, fails to explain how the State court
misapplied *Strickland* and fails to identify any specific facts in
the record to demonstrate that the State court's factual
determination was wrong.  An independent review of the record
confirms that the following exchange occurred during pretrial
matters before the start of the trial:

MR. McCORMACK:  The only other matter for the Court is
that Mr. Schwartz wants to call Detective Davis.  Davis
is mentioned in the police report by Detective Rodriguez,
who wrote the report, is that Detective Davis drove by
and recognized Vascoe Brown by prior professional
contacts.  I believe that's very prejudicial to the
client.  The only reason why Vascoe Brown is coming in
contact professionally is either he's being arrested or
he's a suspect in something; and in lieu of his record I
believe that that's prejudicial.  In addition, I checked
with the clerks this Pretrial Matters morning, here in
the original file, and the officer is not listed on a
notice to be a witness in this case.  He's listed in the
report but he's not listed.

THE COURT:  Do you intend to call him?

MR. SCHWARZ:  Yes, sir. I talked to Mr. McCormack about this last night.   We're preparing the notice of disclosure or amended witnesses now. For some reason he got left off.   But he was fully — had full knowledge that he was a witness in the case. Um, we're bringing him in early, so if Mr. McCormack would like to talk to him.

For any prejudice, I'm sure we can work around any wording that he has come in contact with him in the past by professional contact. I mean, I think Davis says he works in the neighborhood and has seen him before or that sort of thing.

THE COURT:  Someone that knows who he is.

MR. MCCORMACK:  I don't want him to use the word.

THE COURT:  Obviously, "arrested him before."  Right. Okay, you'll have a chance to talk to him before.

TT at 5-6.  Officer Davis, during his examination at trial, testified that he was part of a Special Investigations Group that investigates narcotics, *inter alia*, and was part of the undercover operation to attempt to buy street-level narcotics. *Id*. at 77-78. While observing Detective Rodriguez, Davis saw Brown who was "straddling a bicycle," get back on the bicycle and head toward him. *Id*. at 81-82.  He testified he had previously seen Brown in "that neighborhood" and had "personal contact" with Brown before, and could identify him. *Id*. at 82.  Significantly, Officer Davis did not testify that he had previously arrested Petitioner.

The Court finds that the record conclusively establishes that defense counsel raised an objection concerning Officer Davis' anticipated testimony prior to trial.  Further, it is unclear on what grounds, if any, defense counsel could have raised an objection to Officer Davis' testimony.  Thus, it is even more

tenuous that the trial court would have granted such an objection because the trial court addressed any potential prejudice before trial.  Because Petitioner has failed to sustain his burden under § 2254(d), the Court denies Petitioner relief on Ground 4.

As noted earlier,[10] Ground 5 does not mirror the claim Petitioner advanced in his Rule 3.850 motion (ground 3 in Petitioner's Rule 3.850 motion).  There, Petitioner specifically faulted counsel for failing to raise the fact "that the government officials used misconduct for having an [sic] drug operation within 1000 [feet] of a school zone" in support of his claim that counsel failed to investigate the facts surrounding the offense with which Petitioner was charged.  Exh. 10 at 9.  The postconviction court denied Petitioner relief on Ground 5, finding the claim conclusory.  The State court held as follows:

> Under Ground Three, Defendant argues counsel was ineffective for failing to investigate Defendant's allegation "that the government officials used misconduct for having an drug operation within 1000' of a school zone."  Defendant claims this "misconduct" was a "manifest injustice and prejudice[d] him when he purchased cocaine."  Defendant presents cases to support his claim that deal either with the police illegally manufacturing drugs for a reverse sting or counsel's failure to investigate an issue that was presented to them by the defendant.  He fails to allege that the sting was specifically held in this area to increase the sentencing guidelines, which might have provided potential grounds for misconduct.  Accordingly, Defendant's Ground Three claim is conclusory, because Defendant fails to provide any specific facts to support his allegation.  "The defendant bears the burden of establishing a *prima facie* case based upon a legally

---

[10]*See* footnote 9.

valid claim. Mere conclusory allegations are not sufficient to meet this burden." *Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000). Accordingly, Ground Three is summarily denied.

Exh. 13 at 4.

Here, even if the Court gives Petitioner the benefit of including the specific allegation that counsel should have investigated the government's alleged misconduct, his claim still fails because he nonetheless fails to offer any support of misconduct on the government's behalf. Petitioner fails to offer any factual basis upon which counsel could have relied to challenge the government or assert that it had engaged in misconduct. Bare, and/or vague conclusory allegations of counsel's ineffectiveness is insufficient to satisfy the *Strickland* test. *Wilson v. U.S.*, 962 F.2d 996, 998 (11th Cir. 1992). Brown has not shown that the State court's rejection of this ineffectiveness claim provides any basis for relief. Consequently, the Court denies Ground 5 of the Petition as without merit.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2.    The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

-27-

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.   A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S.  180, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 31st day of August, 2011.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

SA: hmk
Copies: All Parties of Record

-28-